Filed 12/15/15  P. v Keukelaar CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C079129 |
| Plaintiff and Respondent, | (Super. Ct. No. 62118138) |
| v. | |
| CARLOS RUEBEN KEUKELAAR, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Carlos Rueben Keukelaar has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment and remand the matter to the trial court with directions to amend the abstract of judgment to

1

reflect the amounts and statutory bases for all fees, fines, penalties, and assessments imposed.

I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 7, 2012, Wal-Mart employees reported to police that defendant was acting strangely. Records revealed defendant, a convicted felon, was on searchable probation. When police searched him, they found his pocket contained two "speed loaders," each with five rounds of ammunition. A search of defendant's car revealed a loaded .38-caliber revolver.

On November 21, 2013, defendant was charged by first amended information with receiving stolen property (Pen. Code, § 496, subd. (a) -- count one),[1] carrying a loaded firearm in public while having a prior conviction for a crime against a person and property and of a narcotics and dangerous drug violation (§ 25850, subds. (a), (c)(5) -- count two), possession of a firearm by a felon (§ 29800, subd. (a)(1) -- count three), possession of ammunition by a felon (§ 30305, subd. (a)(1) -- count four), and possession of a firearm within 10 years of a qualifying conviction (§ 29805 -- count five). The amended information alleged that, as to counts two, three, and four, defendant suffered a prior felony conviction and, as to counts four and five, defendant suffered three prior qualifying convictions.

On January 31, 2014, defendant entered a plea of no contest to count four and admitted the prior misdemeanor conviction for violation of section 241, subdivision (b).

---

[1] Unspecified statutory references are to the Penal Code.

2

On May 20, 2014, the trial court suspended imposition of sentence, placed defendant on three years of formal probation subject to specified terms and conditions, and ordered that he serve 90 days in county jail minus 28 days of presentence custody credit. The court also imposed fees and fines.

On July 29, 2014, defendant called for a taxi at the Sacramento International Airport. Taxi driver Pawan Sharma picked defendant up as a fare and drove him to Wal-Mart in Natomas. They arrived to find the store closed. When defendant told Sharma to drive him to South Sacramento, Sharma told defendant to pay his fare first. Defendant pulled what appeared to be a gun out of his pocket, pointed it at Sharma, and demanded to be taken to South Sacramento. Fearing for his life, Sharma drove defendant instead to a Safeway in downtown Sacramento ostensibly to get food. When they arrived at Safeway, defendant got out of the cab and went into the grocery store. Sharma ran from his cab and called police. When defendant came out of the store, police detained him at gunpoint and found what looked like a small caliber firearm in his pocket. Upon further examination, police discovered it was a pellet gun.

On August 7, 2014, the probation department filed a petition for revocation of probation alleging defendant violated probation by drawing or exhibiting an imitation firearm in a threatening manner in violation of section 417.4.

On December 11, 2014, the trial court heard and denied defendant's *Marsden*[2] motion. The court also granted the People's motion to amend the petition for violation of probation to add an allegation of kidnapping in violation of section 207. Thereafter, the court conducted a hearing on the contested probation violation.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

The continued hearing on the contested probation violation was concluded on January 6, 2015. At the conclusion of the hearing, the court sustained the petition and referred the matter to probation for a supplemental probation report.

On March 24, 2015, the trial court terminated probation and sentenced defendant to the middle term of two years in state prison. The court awarded defendant 217 days of presentence custody credit (109 actual days plus 108 conduct credits) and imposed a $240 restitution fine pursuant to section "1202.45 and they'll change it if it's the wrong subsection."[3]

Defendant filed a timely notice of appeal.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We note, however, that the abstract of judgment does not reflect the fees and fines imposed by the trial court on May 20, 2014. Accordingly, we remand the matter to the trial court with directions to amend the abstract of judgment to reflect the amounts and statutory bases for all fees, fines, penalties, and assessments imposed.

---

[3] The abstract of judgment accurately reflects a $240 restitution fine pursuant to section 1202.44 in light of the court's revocation of probation. However, the abstract does not reflect any of the fees, fines, or assessments imposed by the court on May 20, 2014.

4

## DISPOSITION

The judgment is affirmed.  The trial court is directed to amend the abstract of judgment in accordance with this opinion and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　Blease, Acting P. J.


We concur:


　　　/s/
　　　Hull, J.


　　　/s/
　　　Robie, J.